Evans, J.
delivered the opinion of the Court.
The plaintiff having purchased the land at sheriff’s sale, as the property of the defendant, it was not competent for the defendant to dispute the plaintiff’s title, to all the land included in the sheriff’s deed, any more than if he had conveyed it himself. By the deed, the sheriff conveyed all the land described in the deed, by boundaries, one of which was Thomson’s Creek. The parol proof was that the land sold, was not bounded by Thomson’s Creek; but of what consequence was that ? So far as the defendant had title, the sheriff conveyed it. The deed was inoperative as to third persons, for any land to which the defendant had no title at the time of the sale, but the defendant himself could not gainsay the accuracy of the description. The trespass alleged was on a tract of land, bounded on the North by Thomson’s Creek. The. description in the sheriff’s deed was in conformity with this. There was in fact no variance between the allegata and probata. The deed proved a title in the plaintiff for all the land described in his declaration. The accuracy of this description, the defendant could no more dispute than if it had been contained in his own deed. He could not dispute the plaintiff’s title to all included within the boundaries, and therefore, as to him, the plaintiff had a right to recover all the land to Thomson’s Creek. Whether another might not have a better title was wholly immaterial. In this view, all the cases cited by the appellant’s counsel have no application.
The motion is dismissed.
Richardson, J. O’Neall, J. and Frost, J. concurred.

Motion refused.